IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSE ELIJAH ROGERS,
Inmate No. 590268959,
    Plaintiff,

vs.                                         Case No.: 5:17cv294/MCR/EMT

HOLMES COUNTY BOARD OF
COUNTY COMMISSIONERS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 4).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

In the main, Plaintiff, who is currently incarcerated at Holmes County Work Camp, claims he has been denied adequate access to a law library so that he can prosecute his criminal appeals. Plaintiff also complains of various other conditions of his confinement.

Section VIII of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 14–17).[1] Question A of Section VIII asks: "To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a strike?"[2] Plaintiff answered "no" to the question (*id.* at 15). Question B of Section VIII asks the following question: "Have you filed other lawsuits in either state or federal court dealing with the same facts or issue involved in this case?" Plaintiff also answered

---

[1] The complaint form used by Plaintiff does not appear to be the one adopted by the Northern District of Florida for its use in cases filed under Section 1983. Nonetheless, the form is quite similar, and asks questions regarding previous cases filed by the plaintiff that are quite similar to the questions that are asked on the Northern District form.

[2] At the beginning of Section VIII, the complaint form provides the following explanation of Section 1915(g):
> ATTENTION: The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ECF No. 1 at 14.

"no" to this question (*id.*). Question C of Section VIII asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" In response to this question, Plaintiff identified one case, Case No. 5:17cv270/MCR/EMT.

Thus, in effect, Plaintiff has stated that he has filed no previous federal cases in federal court that were dismissed for a reason listed in § 1915(g) and thereby counted as a "strike" under that section, nor has he filed any other cases besides Case No. 5:17cv270/MCR/EMT that dealt with the conditions of his confinement.

The following warning appears at the end of Section VIII, "Failure to disclose all prior cases may result in the dismissal of this case" (*id.* at 17). Additionally, in Section IX, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct" (*id.* at 17–18).

As routinely recognized by this court, the information gathered from the complaint form about previous cases is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows

consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, this court takes judicial notice that, as of the date Plaintiff filed his complaint, he had previously filed Rogers v. Tate, Case No. 5:17cv161/MCR/GRJ, in this district on June 16, 2017.[3] This case largely concerned the conditions of confinement at Holmes County Work Camp, where Plaintiff contends that as a pretrial detainee his Sixth Amendment right of access to the courts was abridged because Defendant Sheriff John Tate did not provide him adequate access to the legal library at the Work Camp so that he could properly represent himself in his criminal case. *See* Case No. 5:17cv161/MCR/GRJ, ECF Nos. 1 at 5–7, 5 at 1–2. On July 10, 2017, that case was dismissed for failure to state a claim upon which relief could be granted and was assessed a "strike" under 28 U.S.C. § 1915(g).

---

[3] In addition to the fact that the two cases carry the same name for the plaintiff, the inmate number of the plaintiff in Case No. 5:17cv161/MCR/GRJ (#590268959) matches Plaintiff's. Thus, the court is convinced that the plaintiffs in these two cases are the same person.

*See id.,* ECF Nos. 5, 7, 8. As can readily be determined, this previous case presents virtually the same factual situation as the one presently before the court, and it surely presents the same legal issue.

Thus, Plaintiff previously filed a case in federal court but failed to disclose it on the complaint form even though it should have been identified under Question A as a previous case that was dismissed and given a "strike" under Section 1915(g); under Question B as a case that dealt with the same facts and issue (insufficient access to a legal library) as the instant case; and under Question C as a previous case that dealt with the conditions of his confinement.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade

or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[4] *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or

---

[4] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses.

filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

At Pensacola, Florida, this 22nd day of December 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**